IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of N.P., a person under eighteen years of age. | ) ) ) ) | PER CURIAM DECISION |
| | ) | Case No. 20120079-CA |
| J.P., | ) ) | F I L E D |
| Appellant, | ) ) | (April 19, 2012) |
| v. | ) ) | 2012 UT App 116 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Salt Lake Department, 1053822
The Honorable Frederic M. Oddone

Attorneys:     Julie George, Salt Lake City, for Appellant
        Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee
        Martha Pierce, Salt Lake City, Guardian ad Litem

-----

Before Judges McHugh, Davis, and Christiansen.

¶1     J.P. (Father) appeals the juvenile court's order awarding permanent custody and guardianship of N.P. to her maternal grandparents. We affirm.

¶2     Father asserts that the juvenile court erred by denying his request to continue the trial. Rule 54 of the Utah Rules of Juvenile Procedure provides that "once a matter has been set for trial, the matter may be continued only with the approval of the court." Utah R. Juv. P. 54(a). Absent unavoidable circumstances, "no continuance shall be

granted in any child protection case except upon a showing by the moving party that the continuance will not adversely affect the interest of the child or cause a hearing to be held later than child welfare timelines established by statute." *Id.* R. 54(c). A juvenile court has broad discretion in deciding whether to grant a motion for a continuance, and its decision will not be reversed absent a showing that the juvenile court abused its discretion. *See In re V.L.*, 2008 UT App 88, ¶¶ 26-27, 182 P.3d 395.

¶3  The juvenile court determined that Father had notice of the date and time of trial. Approximately three days before trial, Father informed his counsel that he would not be able to make travel arrangements in order to attend trial. Instead, Father informed his counsel that he would appear at trial telephonically. Father failed to appear for trial via telephone. Father's counsel moved to continue the trial. The juvenile court determined that there was no reasonable basis to grant Father's last minute request to continue the trial. The juvenile court also determined that continuing the trial would not be in N.P.'s best interests as she suffers from anxiety, and the juvenile court did not want to exacerbate N.P.'s anxiety relating to the legal proceedings and her future placement. Father fails to demonstrate that the juvenile court abused its discretion by denying his motion for a continuance.

¶4  Father next asserts that there was insufficient evidence to support the juvenile court's determination that it was in N.P.'s best interests to remain in her current placement with her grandparents. In order to overturn a juvenile court's findings regarding the sufficiency of the evidence, the result must be against the clear weight of the evidence, or leave the appellate court with a firm conviction that a mistake has been made. *See In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. Furthermore, "when a foundation for the [juvenile] court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *Id.*

¶5  The juvenile court determined that Father had never been N.P.'s custodial parent, that he lacked a significant parental relationship with N.P., and that he failed to maintain regular contact with her. At the time of trial, the juvenile court determined that Father had not had any significant visitation with N.P. for at least one year. Although Father could contact N.P. telephonically, such contact was not utilized by Father on a consistent basis. Father missed prearranged telephone visits with N.P. without good cause or explanation which led to N.P.'s disappointment and emotional detriment.

¶6    Conversely, the juvenile court found that it was in N.P.'s best interests to maintain the consistency and stability that she has grown accustomed to while residing with her grandparents.  N.P.'s grandparents provide her with the appropriate consistency, care, education, and support.  The juvenile court determined that N.P. is doing well and that she is in a stable environment in her grandparents' home with people who love her and care for her.  N.P.'s grandparents are committed to caring for her on a long-term basis.  Father fails to demonstrate that the juvenile court's decision is against the clear weight of the evidence.

¶7    Accordingly, the juvenile court's order awarding permanent custody and guardianship to N.P.'s maternal grandparents is affirmed.

_____
Carolyn B. McHugh,
Presiding Judge

_____
James Z. Davis, Judge

_____
Michele M. Christiansen, Judge